IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LLOYD VEREEN,

                    Plaintiff,

        v.                                                    1:14-cv-4013-WSD

UNNAMED DEFENDANT,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final

Report and Recommendation [6] ("R&R").  The R&R considers Plaintiff Lloyd

Vereen's ("Plaintiff") Complaint [1] ("Complaint").  The Magistrate Judge

recommended that Plaintiff's Complaint be dismissed for failure to comply with

the Magistrate Judge's December 22, 2014, Order [2].  Also before the Court is

Plaintiff's Motion for Writ of Certiorari [9] ("Motion").

## I.      BACKGROUND

On December 17, 2014, Plaintiff, an inmate at Georgia State Prison in

Reidsville, Georgia, sent a letter to the Court, docketed as his Complaint, detailing

research he performed regarding the poisoning of people on cruise ships.

Plaintiff's "Complaint" does not appear to contain a request for relief, and it is unclear whether, in sending the letter, Plaintiff intended to initiate a civil action.

On December 22, 2014, the Magistrate Judge ordered [2] Plaintiff to submit, within thirty (30) days of the date of the order: (1) a document titled "complaint" that contains a short and plain statement of his claims, facts supporting his claims, defendants' names, and the relief he seeks; and (2) either the $400 filing and administrative fee or an application to proceed *in forma pauperis*. (December 22, 2014, Order, at 1).

On January 14, 2015, Plaintiff filed his Application for Leave to Proceed *in forma pauperis* [3] ("IFP Application") and his Motion, in which Plaintiff appears to assert that "Publishing Clearing House" wrongfully invested $11 million of Plaintiff's money.  (Motion at 2).  On January 21, 2015, the Magistrate Judge granted Plaintiff's IFP Application.

On February 12, 2015, the Magistrate Judge, noting that Plaintiff failed to file a complaint that complied with the Magistrate Judge's December 22, 2014, Order, recommended that the Court dismiss Plaintiff's Complaint without prejudice.  (R&R at 2).  Plaintiff did not file any objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.   Analysis

Plaintiff did not object to the Magistrate Judge's R&R, the Court thus reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay 714 F.2d at 1095.  The Magistrate Judge found that Plaintiff failed to comply with the December 22, 2014, Order, and recommended that the Court dismiss Plaintiff's Complaint.  See LR 41.3(A)(2), NDGa.  The Court finds no plain error

in the Magistrate Judge's findings and recommendation.  See <u>Slay</u>, 714 F.2d at

1095.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final

Report and Recommendation [6] is **ADOPTED**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is

**DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Writ of Certiorari

[9] is **DENIED**.[1]


**SO ORDERED** this 18th day of May, 2015.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE


---

[1]      Plaintiff's Motion, while docketed as a motion, does not seek any specific
relief or request any specific action from the Court.